DONOVAN (DAVIDSON v.). See Case No. 3,603.

## Case No. 3,992.

### DONOVAN v. DEAN.

[1 Flip. 182;[1] 4 Chi. Leg. News, 210.]

Circuit Court, W. D. Tennessee. March 28, 1872.

RIGHTS OF PRESIDENTS OF CORPORATIONS TO SUE IN THEIR OWN NAMES FOR ALLEGED INJURIES TO THEM AS SUCH OFFICERS, AND AS STOCKHOLDERS IN SUCH CORPORATIONS, DENIED.

One who claims to be the president of a gas company, and at the same time a stockholder and creditor, cannot sue in his own name for injuries done to him or to said gas company. The suit must. if brought, be in the name of the company or corporation.

[Thompson] Dean owned stock in the Memphis Gas Light Company, claiming that neither the officers of that company nor stockholders had taken, or were about to take, any steps to protect the right of his company, and insisting that it alone had the exclusive right to lay down mains and sell gas in the city of Memphis. He filed his bill to restrain the Gayoso Gas Company from proceeding with their works, and restraining the city of Memphis from subscribing $250,000 stock in the last named company. . On the coming in of the answer, the injunction was dissolved; and thereupon [John] Donovan brought his suit as president. stockholder, and creditor of the Gayoso Gas Company against Dean for damages.

Van W. Anderson, Hon. T. W. Brown, and Col. Geo. Gantt, for plaintiff.

Humes & Poston, Judge Wright. Judge Elliott, and Col. McRae. for defendant.

WITHEY, District Judge. This suit was commenced February 7, 1871, in the state court, and removed to this court in March following. The declaration alleges in substance that Donovan was a stockholder and creditor and president of the Gayoso Gas Company at a large salary; that Dean, with intent to injure plaintiff and said gas company, and to prevent him from receiving what the company owed him, and from realizing profits on his investment in said company, and to prevent the construction of the works, maliciously and without probable cause, sued out an injunction restraining the

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission.]

gas company from constructing their works, and restraining the city of Memphis from subscribing for stock, falsely pretending that his, the defendant's gas company—of which he was a stockholder—had the exclusive right, and that said company refused to take proper proceedings to protect the rights of its stockholders; that said Dean, well knowing that Donovan had embarked his capital. and was president of the Gayoso Gas Company at a large salary, and, as president, had made contracts for materials, and had employed laborers and had thereby risked his credit commercially and his character as a skillful manager of said company. Which acts of defendant delayed the plaintiff's company, and prevented it from completing its works, and from obtaining large incomes and revenues, and rendered its success doubtful, and prevented the city from subscribing $250,000 to the stock of said company; whereby the plaintiff has been greatly injured by the inability of plaintiff's company to repay him money advanced, breaking down his credit, with loss of time and labor, and by the failure to receive large emoluments and profits which he would have received had plaintiff's company gone into operation. And also was greatly injured in his credit, and lost the use of his capital and labor, and has been wholly ruined, etc., to his damage, $100,000.

A demurrer was filed to the declaration after the cause came to this court, the grounds of which are: 1st—That the plaintiff, neither as stockholder, officer, or creditor of the Gayoso Gas Company, can maintain an action to recover damages for the matters complained of. 2d—That the damages are not such as can be recovered in an action by this plaintiff, the same being remote, consequential, and speculative, and not immediate or proximate. 3d—The declaration is uncertain, indefinite, informal, and insufficient.

It is contended by the plaintiff that while this suit is based upon a cause of action both new and original in instance, it is not such in principle. New, because such a state of facts has never been presented in the transactions of life. That while the plaintiff was injured pecuniarily in common with and as a member of the Gayoso Gas Company, the act of the defendant in suing out the injunction against plaintiff's company, thereby preventing it from prosecuting its works, etc., injuriously affected the property and commercial rights of this plaintiff, and of every stockholder in plaintiff's company, and also of every one who, by the contract, was to receive values from the company; that such parties were all affected in matters of direct values, of which the law takes cognizance; that the injuries complained of are not in any sense damna absque injuria.

Especially is it claimed that, as the act of the defendant was willful and malicious, and as plaintiff held no contract relation with defendant in the corporation injured. this action may be maintained. Again, it is urged that even a shareholder in a corporation may maintain an action against the officers of his own corporation for a fraudulent over-issue of stock, citing Cazeaux v. Mali, 25 Barb. 578.

Hence, it is argued that, if defendant's act, charged to be willful and malicious, had the effect to reduce the value of the stock of plaintiff's company, to injure its credit, or render it unable to pay its officers' salaries, or its creditors, each and every such person has a right of action, as also the company, against the defendant, especially as he is not a stockholder in plaintiff's company.

The court is of opinion that the grounds urged by plaintiff to maintain his action have no foundation in law, and therefore the demurrer must be sustained. There are cases that by analogy and upon principle are decisive of this action. But, first looking at the case relied upon to some extent by plaintiff, of Cazeaux v. Mali, supra. Defendants were officers of a coal company, and fraudulently issued 128,000 shares of stock beyond what the company was authorized to issue. Plaintiff owned 800 shares of the stock of the company, and purchased 200 shares of the fraudulent issue. The over-issue was not a stock of the company, and the company was not liable for the same. The court expressly place the liability of the officers upon the ground that the company could not maintain an action against its officers for a damage to the individual holders of its stock, or of the fraudulent issue. The capital of the company was not impaired by the act of its officers in the over-issue, as it constituted no liability against it. Those who had sustained damages by reason of the over-issue could alone sue.

In Smith v. Hurd, 12 Metc. [Mass. 371], Shaw, C. J., held in an action brought by an individual stockholder of shares in an incorporated bank against the directors for various acts of negligence and malfeasance, in consequence of which the whole capital of the bank was wasted and lost, and the shares of the plaintiff became of no value, that the action could not be maintained. 1st—Because there is no legal privity, relation, or immediate connection between the holders of shares in a bank, in their individual capacity on the one side, and the directors of the bank on the other. 2d—The individual members of a corporation, whether they all join or each act separately, have no right or power to intermeddle with the property or concerns of the corporation, or call any officer, agent, or servant to account, or discharge them from liability. They are not the legal owners of the property, and damage done to such property is not an injury to them for which they can sue. 3d—All sums which could be recovered for injury done to the capital stock by wasting, impairing, and diminishing its value, would belong to the

coporation as assets, and for which it alone may sue. Through it the stockholders would be entitled to receive any surplus remaining after paying its liabilities.

Neither can a creditor maintain a suit against the individual officers of a corporation for their negligence or malfeasance in managing the affairs of the corporation, resulting in injury to the stock and capital of the corporation, which is an indirect and contingent injury to the stockholder and creditor only. The statute might give a remedy by action to both stockholder and creditor.

Again, in Smith v. Poor, 40 Me. 416, it was held that, for the official misconduct of the officers of a corporation, and fraud in the discharge of their duties, they are responsible to the corporation and not to an individual contractor with the corporation, who has suffered damages in his contract through the fraudulent acts of its directors. His remedy is against the company.

Now, the facts of the case at bar disclosed by the declaration are, that plaintiff was president, stockholder, and creditor of the Gayoso Gas Company, of Memphis, and the injury complained of is, that defendant wrongfully procured from this court an injunction restraining plaintiff's corporation from proceeding to finish its work, etc., and resulting in injury to plaintiff in various ways by the inability of the company to repay him money advanced, breaking down his credit, loss of time and labor, and failure to receive large emoluments and profits which he would have received had the gas company gone into operation, etc.

If plaintiff can maintain this action, every stockholder in the plaintiff's company who has likewise been damaged, and every creditor and employee, may likewise bring suit for his damage, thus multiplying actions, limited only by the number of the stockholders, creditors and employees. The gas company has brought its action for the damage it has sustained for the act alleged in plaintiff's declaration, and may rightfully prosecute it against defendant; but there is no right of action in the plaintiff for the defendant's act in prosecuting his company. Demurrer sustained.